# IN THE COURT OF APPEALS OF IOWA

No. 25-0512
Filed October 29, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RORY ALAN COLYN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marion County, Michael Jacobsen, Judge.

A criminal defendant appeals his sentence. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

Considered without oral argument by Chicchelly, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Rory Colyn repeatedly involved his minor step-granddaughter in lascivious acts, including the fondling of her pubes and his genitals. He pled guilty to two counts of lascivious acts with a child, class "C" felonies in violation of Iowa Code section 709.8(1)(a) and (b) (2020). The district court sentenced him to prison after considering his age, criminal history, employment, family circumstances, prospects for rehabilitation, the nature of the offense, recommendation of the pre-sentence investigation (PSI) report, and victim impact statements. Colyn appeals.

First, Colyn claims the district court unlawfully ordered him to participate in a sex offender treatment program (SOTP). Our court has agreed with this position in unpublished decisions. *E.g.*, *State v. West*, No. 23-0973, 2024 WL 2043148, at *3 (Iowa Ct. App. May 8, 2024); *State v. Gardner*, No. 22-0422, 2023 WL 153509, at *2 (Iowa Ct. App. Jan. 11, 2023); *State v. Smith*, No. 18-2248, 2021 WL 1400772, at *3 (Iowa Ct. App. Apr. 14, 2021). And the State concedes error, which we accept. We vacate the portion of the sentencing order requiring SOTP and remand with directions to enter a corrected sentencing order.

Second, Colyn asserts the district court abused its discretion by sentencing him to prison rather than probation. But he does not identify any impermissible or unlawful considerations; he just disagrees with the sentence. "[M]ere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016). We discern no abuse of discretion and affirm.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**